IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **NATASHA MCCALL,**<br><br>          Plaintiff,<br><br>     v.<br><br>**STATE OF OREGON, UMATILLA COUNTY, and DEAN GUSHWA and THEODORE KULONGOSKI (in their Individual and Official Capacities),**<br><br>          Defendants. | Case No. 3:12-cv-00465-PK<br><br>**OPINION AND ORDER ADOPTING FINDINGS AND RECOMMENDATION** |

Thomas K. Doyle and Aruna A. Masih, Bennett, Hartman, Morris & Kaplan, LLP, 210 SW Morrison St., Suite 500, Portland, OR 97204. Attorneys for Plaintiff.

Ellen F. Rosenblum, Attorney General, and David L. Kramer, Assistant Attorney General, Department of Justice, 1162 Court Street NE, Salem, OR 97301. Attorneys for Defendants Kulongoski and the State of Oregon.

Kimberlee C. Morrow and Mark C. Sherman, Hart Wagner, LLP, Twentieth Floor, 1000 SW Broadway, Potland, Oregon 97205. Attorneys for Defendant Umatilla County.

**Michael H. Simon, District Judge.**

      United States Magistrate Judge Paul Papak issued Findings and Recommendation in this case on August 9, 2013. Dkt. 80. Judge Papak recommended that the State of Oregon's Motion

PAGE 1 – OPINION AND ORDER

for Summary Judgment (Dkt. 54) be granted as to all claims asserted by Plaintiff and the State of Oregon and Governor Kulongoski be dismissed with prejudice. Judge Papak further recommended that Umatilla County's Motion for Summary Judgment (Dkt. 43) should be denied as to Plaintiff's Title VII and Or. Rev. Stat. § 659A.030 sex discrimination claims and granted with prejudice as to all other claims asserted against Umatilla County.

Plaintiff and Defendant Umatilla County both filed objections to Judge Papak's Findings and Recommendation. Dkts. 87, 88. Both parties responded. Dkts. 96, 96. Plaintiff objects to Judge Papak's findings in regard to Claims One, Two, and Three against Umatilla County. Umatilla County objects to Judge Papak's recommendation that the Court deny Umatilla County's Motion for Summary Judgment on Plaintiff's Title VII and Or. Rev. Stat. § 659A.030 hostile work environment claims. After Judge Papak's ruling, the parties filed a stipulated motion to dismiss Defendants Kulongoski and the State of Oregon. Dkt. 102.

### STANDARDS FOR REVIEWING FINDINGS AND RECOMMENDATION

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report[.]"); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of

PAGE 2 – OPINION AND ORDER

objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

## BACKGROUND

The facts of this case are set out in Judge Papak's Findings and Recommendation. Dkt. 80. Briefly, Plaintiff's claims arise from her alleged sexual harassment by Dean Gushwa, the Umatilla County District Attorney, during Plaintiff's employment at the Umatilla County District Attorney's Office. Plaintiff alleges gender discrimination, hostile work environment, negligent retention, assault, battery, and intentional infliction of emotional distress. Plaintiff raises these claims under 42 U.S.C. § 1983, Title VII, Or. Rev. Stat. § 659A.030, and Oregon common law.

## DISCUSSION

### A. Plaintiff's Objections

Plaintiff objects to Judge Papak's conclusions that (1) for purposes of Plaintiff's Equal Protection claim under 42 U.S.C. § 1983, Gushwa was not a final policy maker for Umatilla County; and (2) for purposes of Plaintiff's gender discrimination claims under Title VII and Or. Rev. Stat. § 659A.030, Gushwa was not an alter-ego for Umatilla County. The Court has reviewed *de novo* Judge Papak's Findings and Recommendation, as well as the objections and responses submitted by the parties. The Court agrees with Judge Papak's reasoning and conclusions on each of Plaintiff's objections.

PAGE 3 – OPINION AND ORDER

### B.  Umatilla County's Objections

Defendant Umatilla County objects to Judge Papak's recommendation that summary judgment not be granted on Plaintiff's Title VII and Or. Rev. Stat. §659A.030 claims. Umatilla County argues that Gushwa was an elected official not subject to County control, and therefore, Gushwa was not an agent of the County for Title VII and Or. Rev. Stat. §659A.030 liability purposes. Umatilla County relies on *Frank v. Harris County*, an unpublished Fifth Circuit case for the proposition that an elected official cannot be an agent of a municipality because he or she is not an employee of the municipality. 118 F. App'x 799, 803 (5th Cir. 2004). The Court agrees with Judge Papak's reasoning on this point and finds the *Frank* case unpersuasive, particularly considering that it does not address when a non-employee elected official can be an *agent* for a municipality. Although 42 U.S.C. § 2000e(f) exempts "any person elected to public office" from the definition of "employee" under Title VII, Judge Papak's analysis is based on Gushwa's status as an *agent*. The language of Title II provides broadly for liability for employers and "any agent of such" employer. 42 U.S.C. 2000e(b).

In the alternative, Umatilla County argues that even if Gushwa was an agent for Umatilla county, Plaintiff's hostile work environment claims fail because the record does not establish (1) that Gushwa subjected plaintiff to actionable verbal or physical conduct based on her sex in the workplace; (2) that any alleged conduct was unwelcome; and (3) that the alleged conduct was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment. The Court agrees with Judge Papak's conclusion that viewing the evidence in the light most favorable to Plaintiff, triable issues exist as to whether Gushwa's conduct was sufficiently severe or pervasive to interfere unreasonably with Plaintiff's employment.

## CONCLUSION

The Court ADOPTS Judge Papak's Findings and Recommendation. Dkt. 80. Defendant Umatilla County's Motion for Summary Judgment (Dkt. 43) is denied as to Plaintiff's Title VII and Or. Rev. Stat. § 659A.030 claims (Claims Two and Three), and granted as to all other claims asserted against Umatilla County. Defendants Kulongoski and the State of Oregon are dismissed with prejudice pursuant to the Stipulated Motion to Dismiss. Dkt. 97. Thus, the State of Oregon and Kulongoski's Motion to Dismiss (Dkt. 54) is denied as moot.

**IT IS SO ORDERED**.

DATED this 27th day of November, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge